NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GOLDEN CREEK HOLDINGS, INC.,

       Plaintiff - Appellant,

  v.

MTC FINANCIAL, INC., doing business as Trustee Corps; U.S. BANK TRUST NATIONAL ASSOCIATION, not in its Individual Capacity but Solely as Owner Trustee for RCF2 Acquisition Trust doing business as U.S Bank,

       Defendants - Appellees.

No. 25-2814

D.C. No.
2:24-cv-00177-RFB-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted August 12, 2026[**]
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Golden Creek Holdings, Inc. appeals from the district court's dismissal of its complaint against Defendants-Appellees MTC Financial, Inc., and U.S. Bank Trust for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo challenges to a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017) (emphasis omitted). "A dismissal is inappropriate unless the complaint fails to 'state a claim to relief that is plausible on its face.'" *Id.* at 1224–25 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court correctly concluded that the sending of the March 2011 "written acceleration notice" was insufficient to trigger Nevada's ancient-lien statute, Nev. Rev. Stat. § 106.240. Under that statute, "a debt 'becomes wholly due' only 'according to' either of two things: (1) the 'terms thereof,' referring to the mortgage or deed of trust, or (2) 'any recorded written extension thereof.'" *LV Debt Collect, LLC v. Bank of N.Y. Mellon*, 534 P.3d 693, 697 (Nev. 2023) (citation modified). A written notice of intent to accelerate is not in the ancient-lien statute's "list of documents that can render a loan 'wholly due.'" *Id.* at 699. In *LV Debt Collect*, the Nevada Supreme Court held that recording a notice of default did not render a debt wholly due because, among other reasons, the borrower could still cure the default "after being given notice of that default and at least 30 days to cure it."

*Id.* at 697–98.  Similarly, even after the notice of intent to accelerate was provided, the borrower here would have had "not less than 30 days" after the date of the notice to cure the default.  Under *LV Debt Collect*, this means that the notice of intent to accelerate could not have rendered the debt wholly due.  *See id.*

**AFFIRMED.**